UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

REGINALD JEROME DAVIS                          CIVIL ACTION NO. 20-cv-231

VERSUS                                         JUDGE ELIZABETH E. FOOTE

FAUSTINO VARELA ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

  Reginald Jerome Davis filed this personal injury suit in state court against three defendants. Cardinal Transport, Inc. removed the case based on diversity jurisdiction. Its notice of removal alleges that Plaintiff is a citizen of Louisiana, Cardinal is a citizen of Illinois, and Defendant Faustino Varela is a citizen of California. The citizenship of defendant Acord Insurance Company was not alleged with specificity, and the court has issued an order (Doc. 7) that requires additional information about Acord.

  Bridgefield Casualty Insurance Company has now filed a Motion for Leave to Intervene (Doc. 12). Bridgefield alleges that it is entitled to intervene and seek reimbursement of workers' compensation benefits that it has paid in connection with Davis' injuries.

  A complaint in intervention that seeks to assert a workers' compensation subrogation claim requires diversity between the intervenor (who is aligned as a plaintiff) and the defendants. <u>Dushane v. Gallagher Kaiser Corp.</u>, 2005 WL 1959151 (W.D. La. 2005). Accordingly, it is important to know Bridgefield's citizenship before deciding whether it should be allowed to intervene. If Bridgefield shares citizenship with any of the

defendants, it could destroy jurisdiction and require dismissal for lack of subject matter jurisdiction.

Bridgefield's proposed complaint in intervention states that it is a domestic insurance corporation authorized to do business in Louisiana, but it does not appear to allege its citizenship in accordance with applicable law. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The court cannot determine from Bridgefield's current motion whether granting leave for it to intervene might destroy subject matter jurisdiction. Accordingly, Bridgefield's **Motion for Leave to Intervene (Doc. 12)** is **denied** without prejudice. Bridgefield will be allowed until **September 30, 2020** to submit a new motion that sets forth appropriate facts regarding its citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of September, 2020.

Mark L. Hornsby
U.S. Magistrate Judge