UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

REGINALD JEROME DAVIS                CIVIL ACTION NO. 20-cv-231

VERSUS                               JUDGE FOOTE

FAUSTINO VARELA, ET AL               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Reginald Davis ("Plaintiff") filed this civil action in state court against Faustino Varela, Cardinal Transport, Inc., and Acord Insurance Company. Plaintiff alleged that he was injured in an accident in which Varela was the driver of a truck that was owned by Cardinal and insured by Acord. The case was removed based on diversity jurisdiction.

After various efforts to serve Acord were unsuccessful, Plaintiff's counsel advised that defense counsel had informed him that the insurance company listed on the accident report (Acord) was incorrect, and the correct name of the insurer would be provided. Doc. 24. Plaintiff later filed an amended complaint (Doc. 32) that listed the defendants as Cardinal, Varela, and RLI Insurance Company. The amended complaint did not make any allegations against RLI, but the motion for leave to amend suggested that it was the insurer at issue. Acord was no longer named as a defendant. Thus, it appears that Plaintiff is no longer pursuing a claim against Acord. **The clerk of court is directed to terminate Acord Insurance Company as a defendant in this matter.**

The amended complaint alleges that RLI is a "foreign corporation, and duly authorized to do business in the State of Louisiana." This case was removed based on

diversity jurisdiction, so the court must ensure the citizenship of all parties. The allegation in the amended complaint is not sufficient to determine RLI's citizenship. **RLI, if it is a corporation, is directed to include in its answer a statement that it is a corporation and a specific allegation of (1) the state in which it is incorporated and (2) the state in which it has its principal place of business.** If RLI is an unincorporated entity, it should say so and allege its citizenship in accordance with the applicable rules, as set forth in Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). IF RLI shares citizenship with Plaintiff (Louisiana) or intervenor Bridgefield Casualty Insurance Company (Florida), then the court may have to remand the case for lack of subject matter jurisdiction.

Bridgefield Casualty Insurance Company alleges that it provided workers' compensation benefits to Plaintiff based on the accident. It filed a complaint in intervention (Doc. 19) that sought to assert its subrogation rights against defendants Varela, Cardinal, and Acord. Bridgefield later amended its complaint in intervention to clarify that it was asserting a claim against RLI Insurance Company. Bridgefield omitted Acord from the list of defendants in its prayer for judgment. Accordingly, **the clerk of court is directed to terminate Acord Insurance Company as a defendant in intervention.**

This case was removed in February 2020. More than a year has passed, but there is no indication that defendant Faustino Varela has been served with Plaintiff's petition or the complaint in intervention. The 90-day period allowed by Federal Rule of Civil Procedure 4(m), as well as all extensions, have expired. **The claims of Plaintiff and Bridgefield Casualty against Faustino Varela will be subject to dismissal unless**

**evidence of service on Varela is filed by May 10, 2021**, or Plaintiff and Bridgefield Casualty have filed a motion for extension of time to effect service that makes a showing of good cause sufficient to warrant an extension. The court cautions that a generic request for an extension of time will not suffice. Any party who moves for an extension of time to serve Varela must set forth specific facts that demonstrate good cause for additional time to be granted in this case that has not been served despite being pending for more than a year.

The record suggests that service has been made on RLI Insurance Company (Docs. 41, 43, and 44). Once RLI files answers to the petition (as amended) and the complaint in intervention (as amended) the court will proceed with scheduling in this case, whether or not Faustino Varela continues to be a party or has been served. This case has been pending for too long with no activity, and a scheduling order must be put in place soon.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of April, 2021.

Mark L. Hornsby
U.S. Magistrate Judge